# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TRAYVON KAREEM LANDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-326 |
| | ) | |
| STATE OF GEORGIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff brings this action under 42 U.S.C. § 1983 alleging various constitutional violations against the State of Georgia and certain public officials. Doc. 1. He has also named his public defender as a defendant. *Id.* The Court granted plaintiff's motion for leave to proceed *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 4, 6. The Court now screens plaintiff's Complaint under 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

# BACKGROUND[2]

The gist of plaintiff's Complaint is that he was indicted without due process by defendants Detective Myers, D.A. Heap, and A.D.A. McConnel in the state court criminal case of SPCR19-00793-J2.  Plaintiff also alleges his public defender, defendant Katherine Kelly, denied him access to the courts and the right to a speedy trial.  He makes similar claims against various public officials, including the clerks of court (defendants Mosley and Clark) and the sheriff (defendant Wilcher).  Specifically, plaintiff alleges he was denied access to certain legal forms by these defendants and he was denied the ability to file a motion for speedy trial and a petition for release from registration requirements.  He asks this Court to require the state court to drop the charges against him as well as to expunge his other criminal cases and to compensate him for lost wages and pain and suffering.  Doc. 1 at 5–8.

---

[2]  Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

## ANALYSIS

### I.  State of Georgia

Plaintiff has named the State of Georgia as a party defendant in this § 1983 action.  Doc. 1 at 1.  However, any claims against the State of Georgia will fail as the State is immune under the Eleventh Amendment. "The eleventh amendment to the Constitution of the United States prohibits a federal court from exercising jurisdiction over a lawsuit against a state, unless that state either consents to be sued or waives its immunity from such suit." *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989).  In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–67 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.").  As a result, the State of Georgia is immune from suit here, and the Court should **DISMISS** Plaintiff's claims against the State of Georgia.

## II.  Myers, Heap, and McConnel

Plaintiff complains that various steps in his criminal case were skipped prior to his indictment, including the issuance of a warrant and the holding of a preliminary hearing.  He claims Detective Myers, D.A. Heap, and A.D.A. McConnel violated his due process rights by indicting him without these legal processes.  Doc. 1 at 5.

It is well-stablished that there is no state or federal constitutional right to a preliminary hearing (also known as a commitment hearing). *See Phillips v. Stynchcombe*, 202 S.E.2d 26, 28–29, 231 Ga. 430, 433 (Ga. 1973) ("The federal courts share the view which we take.  They hold that an accused has no constitutional right to a preliminary hearing."); *see also United States v. Coley*, 441 F.2d 1299, 1301 (5th Cir. 1971) ("Failure to hold a preliminary hearing, without more, does not amount to a violation of constitutional rights which would vitiate a subsequent conviction."); *Woods v. State of Tex.*, 404 F.2d 332, 332 (5th Cir. 1968) (rejecting petitioner's contention that referral of his case directly to a grand jury without a preliminary examining trial was unconstitutional); *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965) ("We do not find that

the Supreme Court has ever held that an accused has a constitutional right to a preliminary hearing.").

The purpose of a commitment hearing in Georgia is to "authorize the keeping in custody of one accused with probable cause of committing a crime until the grand jury determines whether he should stand trial." *Phillips*, 202 S.E.2d at 28 (Ga. 1973); *see also Gerstein v. Pugh*, 420 U.S. 103, 126 (1975) ("[T]he Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention."). However, "a commitment hearing is not a required step in a criminal proceeding and failure to hold one is not reversible error." *State v. Godfrey*, 418 S.E.2d 383, 384 (Ga. App. 1992).

Here, there is no allegation plaintiff was detained prior to his indictment.  If he was not in custody, then there was no need for a preliminary hearing.  Further, "once indictment takes place probable cause has been established and a preliminary hearing serves no purpose." *Id.* at 384.  "[A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without

5

further inquiry." *Gerstein*,  420 U.S. at 117 n.19 (citing *Ex parte United States*, 287 U.S. 241, 250 (1932)).

Based on the above, the Court finds plaintiff fails to state a claim of constitutional injury arising from the absence of a preliminary hearing. His indictment satisfied any requirement for probable cause in connection with his detention.

Plaintiff also complains that no warrant was issued prior to his indictment.  Again, he has not alleged he was seized or searched prior to the indictment.  *See Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007) ("In Fourth Amendment terminology, an arrest is a seizure of the person.").  Without a search or an arrest, there would have been no need for a warrant prior to the indictment.[3]  *See Steagald v. United States,* 451 U.S. 204, 212 (1981) ("The purpose of a warrant is to allow a neutral judicial officer to assess whether the police have probable cause

---

[3]  While plaintiff complains he was denied certain steps prior to his indictment, he does not allege false arrest or false imprisonment.  *See Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) ("[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest."); *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) (A § 1983 claim for false imprisonment is "based on a detention pursuant to that arrest [that lacked probable cause]."); *Wallace v. Kato,* 549 U.S. 384, 389 (2007) ("[F]alse imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges.").

to make an arrest or conduct a search.").  Accordingly, the Court finds plaintiff fails to state a claim regarding the lack of a warrant.[4]

Furthermore, while plaintiff frames his Complaint against defendants Myers, Heap, and McConnel as invoking Due Process, in general, the Fourth Amendment is the appropriate constitutional provision to refer to when considering pretrial deprivations of liberty.  As stated in the case of *Gerstein v. Pugh*, "[t]he Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases, including the detention of suspects pending trial."  420 U.S. at 125 n.27; *see also Albright v. Oliver*, 510 U.S. 266, 274 (1994) (discussing "the Fourth Amendment's relevance to the deprivations of liberty that go hand in hand with criminal prosecutions.").

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of

---

[4] Warrantless arrests are permitted in certain situations as long as there is probable cause.  *See Gerstein*, 420 U.S. at 113 ("[The Supreme Court] has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant.").  Plaintiff, however, has not alleged he was arrested prior to his indictment, and therefore the Court need not consider whether a warrantless arrest was permissible in this instance.

government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273 (citation omitted).

Moreover, procedural due process would be inapplicable in this instance because plaintiff has not pointed to a deprivation of a constitutionally protected liberty interest resulting from the lack of a preliminary hearing or warrant prior to his indictment.  To establish a procedural due process claim, a plaintiff must allege "(1) a deprivation of a constitutionally-protected liberty interest; (2) state action; and (3) constitutionally-inadequate process." *Shaarbay v. Palm Beach Cty. Jail*, 350 F. App'x 359, 361 (11th Cir. 2009) (citations omitted).  Further, as outlined above, there is nothing to indicate a warrant or preliminary hearing was required in plaintiff's situation.  Accordingly, he fails to show constitutionally inadequate process.[5]

Even giving plaintiff's Complaint a liberal reading, the Court finds no viable Fourth Amendment claim.  In the Eleventh Circuit, unlawful

---

[5] Also of note, in the case of *Lem Woon v. State of Oregon*, the Supreme Court rejected plaintiff in error's argument that the lack of a preliminary hearing prior to a prosecution by information violated the "due process of law" clause and stated they were "unable to see upon what theory it can be held that an examination, or the opportunity for one, prior to the formal accusation by the district attorney is obligatory upon the states."  229 U.S. 586, 590 (1913).

seizures following an arraignment, indictment, or probable-cause hearing fall under the category of malicious prosecution. *Williams v. Aguirre*, 965 F.3d 1147, 1157–58 (11th Cir. 2020) ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment."). In order to establish a federal malicious prosecution claim under § 1983, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted).

While plaintiff challenges the defendants' indictment of him as "unjustifiabl[e]", doc. 1 at 5, his Complaint does not allege a viable claim of malicious prosecution. Specifically, a claim of malicious prosecution only accrues after there is a favorable termination of the criminal proceeding, *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994), and, here, plaintiff has not alleged a favorable termination of his criminal case. As a result, the Court declines to construe his Complaint as stating a claim of malicious prosecution.

9

Lastly, prosecutors, such as defendants Heap and McConnel, enjoy "absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).  Here, plaintiff provides little detail about the alleged wrongdoing by defendants Heap and McConnel, only alleging they failed to engage in certain procedures prior to the issuance of the indictment.  Doc. 1 at 5.  The Court, accordingly, finds any damages claims against defendants Heap and McConnell must fail due to prosecutorial immunity.

For all these reasons, the Court finds plaintiff fails to state a claim against defendants Heap, McConnel, and Myers based on the alleged lack of a warrant or preliminary hearing prior to his indictment or based on his actual indictment.  It is **RECOMMENDED** that plaintiff's claims against defendants Heap, McConnel, and Myers be **DISMISSED**.

### III.   Katherine Kelly-Public Defender

Plaintiff also sues his public defender, Katherine Kelly.  He alleges she ignored his requests to file both a motion for speedy trial and a petition for release from registration requirements.  He contends that,

through these actions, she denied his right to a speedy trial and his right to access the courts.  Doc. 1 at 5, 7.

In order to prevail on a civil rights action under § 1983, a plaintiff must establish that he was "deprived of a federal right by a person acting under color of state law." *Almand v. DeKalb Cty.*, 103 F.3d 1510, 1513 (11th Cir. 1997).  Here, the Court considers whether defendant Kelly was acting "under color of state law" when she allegedly ignored plaintiff's requests to file certain documents.  The Supreme Court has concluded "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer").  As defendant Kelly's actions as a public defender in plaintiff's criminal proceeding were not performed "under color of state law," she cannot be sued under § 1983.  Accordingly, it is **RECOMMENDED** plaintiff's claims against defendant Kelly be **DISMISSED**.

## IV. Defendants Mosley, Clark, Wilcher, and Chatham County Sheriff's Office

Plaintiff also names Tammie Mosley (Clerk of Superior Court of Chatham County) and Jared Clark (Deputy Clerk, Superior Court of Chatham County) as defendants in this matter.  He claims they denied his request to provide him with certain legal forms and ignored his requests to file a petition for release from registration requirements.  Doc. 1 at 7–8.  Plaintiff also claims he was unable to get legal forms in jail, despite requesting them from his counselor and programs administrator.  *Id.* at 5.  He also generally alleges he wrote to the sheriff, the judge, and the attorney general (though he does not specify what he wrote them about), and he alleges he received no response.  *Id.* at 7.

It appears plaintiff is trying to bring an access to courts claim against defendants Mosley, Clark, Sheriff Wilcher, and the Chatham County's Sheriff's Office.  Doc. 1 at 8.  In *Lewis v. Casey*, the Supreme Court specified the right of access to the courts was limited to the ability of prisoners to "attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  518 U.S.

12

343, 355 (1996).

In this case, the "court access" plaintiff sought was in connection with his ongoing criminal proceeding.  However, an "ongoing criminal proceeding does not fall within any of the categories of cases enumerated in *Lewis* under which a prisoner may bring an access to courts claim." *Rodriguez v. Chatman*, 2015 WL 4162991, at *2 (M.D. Ga. July 9, 2015); *Allen v. Cochran*, 2014 WL 2468317, at *3 (S.D. Ala. June 3, 2014) ("An initial criminal proceeding is not one of the actions identified in [*Lewis*] in which an injury for a claim for denial of access to courts can be established.").  As a result, the alleged failure of the jail staff and the court clerks to provide plaintiff with the requested assistance for his criminal proceeding does not give rise to a § 1983 access to courts claim.

Furthermore, plaintiff had legal counsel representing him in his criminal matter.  Doc. 1 at 5.  Accordingly, he cannot claim he was denied access to the courts by the defendants.  *See Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) ("[Plaintiff] failed to show actual legal injury regarding . . . his criminal conviction, because he was represented by counsel in that matter."); *Allen*, 2014 WL 2468317, at *3 ("[Plaintiff's] legal representation prevents him from establishing that he has been

deprived access to the courts."); *Baity v. Campbell*, 2011 WL 3648237, at *3 (N.D. Fla. July 13, 2011) (concluding inmate did not have a constitutional right to an adequate law library at jail in connection with his counseled criminal proceedings), *adopted by* 2011 WL 3648563 (N.D. Fla. Aug. 16, 2011); *Daker v. Ferrero*, 2008 WL 822190, at *11 (N.D. Ga. Mar. 26, 2008) ("The offer of court-appointed counsel satisfies a state's obligation to provide meaningful access to the courts.").[6]

Finally, to the extent plaintiff contends any of these defendants denied his right to a speedy trial, such a claim is barred under *Heck v. Humphrey*. Under *Heck v. Humphrey*,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

---

[6] Even those who voluntarily choose to waive their right to counsel in a criminal matter cannot maintain an access to the courts claims. *Bell v. Hopper*, 511 F. Supp. 452, 453 (S.D. Ga. 1981) (rejecting access to courts claim of inmate that chose to represent himself in criminal appeal). And while plaintiff may complain his counsel was ineffective, he has no Sixth Amendment ineffective counsel claim under § 1983 because his attorney did not act under "color of state law." *See Wahl*, 773 F.2d at 1173.

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487.

By contending he was denied his constitutional right to a speedy trial, plaintiff is essentially seeking to invalidate his criminal proceeding. *See Koger v. Florida*, 130 F. App'x 327, 333 (11th Cir. 2005) ("[I]f a defendant's constitution[al] right to a speedy-trial has been violated, dismissal of an indictment, information, or complaint is mandatory."). Accordingly, a judgment "in [plaintiff's] favor in his speedy-trial claim would 'necessarily imply the invalidity of his conviction'." *Id.* (citing *Heck*, 512 U.S. at 486–87). Here, plaintiff has not alleged his conviction or sentence has been invalidated. Rather, it appears his criminal proceeding was ongoing at the time he filed his Complaint. As a result, his § 1983 claims based on the alleged violation of his right to a speedy trial are barred under *Heck v. Humphrey* and cannot survive the Court's § 1915A screening.

In light of the above, it is **RECOMMENDED** that plaintiff's claims against defendants Mosley, Clark, Wilcher, and the Chatham County

Sheriff's Office be **DISMISSED** for failure to state a claim.[7]

## V.   Miscellaneous Requests for Relief

Plaintiff, in his Complaint, also requests the Court to drop the charges in the underlying criminal matter.  Doc. 1 at 6.  To the extent plaintiff is attempting to use this § 1983 action as a vehicle to challenge any ongoing criminal proceedings or to invalidate a conviction or sentence, this is not permitted.  "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citation and quotation marks omitted).  Plaintiff's request for the dismissal of a pending state criminal charge, which also challenges the very fact of his confinement, likewise "cannot be granted in the § 1983 context."  *Wright v. Dodd*, 438 F. App'x 805, 807 (11th Cir. 2011) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Any challenges to his sentence and convictions would need to be pursued through a habeas petition and not a civil rights action.  *Bradley*

---

[7]  Plaintiff has not named the judge, the attorney general, his counselor at the jail, or the jail programs administrator as defendants in this case, and therefore the Court need not consider whether plaintiff states viable claims against them.  However, even if these persons had been named, any access to the courts claims against them would fail for the same reasons plaintiff's access to courts claims against defendants Mosley, Clark, Wilcher, and the Chatham County's Sheriff's Office fail.

*v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").  Plaintiff can only pursue a habeas petition after he has exhausted the remedies available in the state courts.  28 U.S.C. § 2254(b)(1)(A); *see also Wright*, 438 F. App'x at 807 (finding that because the "complaint alleges . . . criminal proceedings are pending, the district court properly refused to construe it as a petition for a writ of habeas corpus.").  Moreover, any damages "attributable to an unconstitutional conviction or sentence [do] not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90.

Finally, principles of equity, comity, and federalism lead federal courts to generally "abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).  There are exceptions to this rule when (1) there is a "great and immediate" danger of irreparable injury; (2) the state law is "flagrantly and patently violative of express constitutional prohibitions"; (3) there is a showing of bad faith or harassment; or (4) other unusual

circumstances that call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46–54); *Cole v. State of Florida*, 2010 WL 2711861, at \*3 n.4 (N.D. Fla. June 3, 2010). Here, there is no indication any of these circumstances exist. Accordingly, there are no grounds for this Court to interfere with the state court's criminal proceedings.

Plaintiff's request for the Court to "expunge" his other criminal cases, doc. 1 at 6, also cannot survive the Court's § 1915A screening. "[T]he Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972); s*ee also Carter v. Hardy*, 526 F.2d 314, 315–16 (5th Cir. 1976) (noting expungement may be permissible when there is evidence that (1) "arrests and prosecutions [were] for sole purpose of harassment," (2) conviction was under a "patently unconstitutional" statute, or (3) the records misdescribed the defendant's offense); *Fetzer v. Sec'y, Fla. Dep't of Children & Families,* No. 20-11139-E, 2020 WL 5625172, at \*1 (11th Cir. Aug. 13, 2020) (same); *United States v. Aja*, 2010 WL 1813786, at \*1 (S.D. Ga. May 5, 2010) ("[T]he Court is unaware of a court approving the expungement of an adult conviction which was not either set aside or

found to be the result of government misconduct." (citation omitted)). Here, plaintiff fails to explain to the Court why his other criminal cases should be expunged or how they are even relevant to the issues raised in his Complaint. Accordingly, the Court should deny plaintiff's request for expungement of his prior criminal records.

Plaintiff also seeks compensation for lost wages and pain and suffering.[8]  Doc. 1 at 6.  Plaintiff, however, fails to allege any actual claims that survive this Court's initial screening.  As a result, his requests for damages cannot survive the Court's screening and should be denied.

## CONCLUSION

For the reasons outlined above, the Court **RECOMMENDS** plaintiff's Complaint be **DISMISSED** in its entirety.

Meanwhile, it is time for plaintiff to pay his filing fee.  His Prisoner Trust Fund Account Statement reflects $11.23 in average monthly deposits and a $190.08 average monthly balance over the six-month

---

[8]  Plaintiff has not alleged a physical injury or sexual act and, therefore, cannot recover for any alleged emotional injuries.  Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e).

period prior to the receipt of the Complaint.  Doc. 6.  He, therefore, owes a $38.01 partial filing fee.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, his custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.  The Clerk is **DIRECTED** to serve a copy of this Order and the Consent to Collection of Fees from Trust Account, doc. 4, upon plaintiff and his current custodian.  The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service,

any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 8th day of September, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA